## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DEBRA ANN CARR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-1040-EFM-GEB |
| ) | |
| SHERWIN WILLIAMS ) | |
| MANUFACTURING, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### REPORT AND RECOMMENDATION OF DISMISSAL AND NOTICE

This matter is before the Court on Plaintiff's Motion for Leave to Proceed In Forma Pauperis (ECF No. 3, *sealed*). For the reasons set forth herein, the Court recommends **DISMISSAL** of Plaintiff's Complaint **(ECF No. 1)** for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12 (b)(6), and directs service be stayed pending review of this Report and Recommendation.

**I.    Notice**

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if the party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

## II.    Background[1]

Plaintiff filed her Civil Complaint and Motion to Proceed In Forma Pauperis ("IFP") on March 5, 2025 and a Supplement to her Complaint (ECF No. 5) on April 28, 2025. From what the Court can decern, Plaintiff was employed at Defendant, Sherwin Williams Manufacturing as a "label filler and paint maker." She alleges employment discrimination based in her race, sex, and disability under Title VII resulting from an alleged sexual assault. It is unclear to the Court from Plaintiff's pleadings, the employment relationship between her employer and the alleged perpetrator of the assault, or in what capacity the assault occurred. Plaintiff attached a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) regarding her claims against Defendant dated August 23, 2024.

## III.    Legal Standard

To file a claim for employment discrimination under Title VII, potential plaintiffs must file their action within 90 days of receiving their EEOC right-to-sue letter.[2] When a Plaintiff fails to file their suit within the 90 days, the suit is barred.[3] Because this 90-day period functions as a statute of limitations on the suit, it is subject to equitable principles of waiver or equitable tolling.[4] Where plaintiffs proceed IFP, their pleadings are construed

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1) or Supplement (ECF No. 5). This background information should not be construed as judicial findings or factual determinations.
[2] 42 U.S.C. § 2000e–5(f)(1).
[3] *White v. Union P. R.R.*, 805 F. Supp. 883, 886 (D. Kan. 1992) (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)).
[4] *Dale v. Hawker Beechcraft Corp.*, No. 11-1036-CM, 2012 WL 1474831, at *3 (D. Kan. Apr. 27, 2012).

liberally.[5] And for plaintiffs proceeding IFP, the mere filing of the complaint along with the motion to proceed IFP is enough to satisfy the 90-day deadline to file their suit.[6]

## IV. Discussion

Here, Plaintiff filed her Complaint and IFP Motion significantly past the 90-day deadline in her right-to-sue letter. The letter is dated August 23, 2024. While Plaintiff provides no evidence of when she physically received the letter, even if it was past the date stamp on the letter, the 90-day window is closed. Plaintiff did not file this action until March 5, 2025. Seven (7) months lapsed from the date of the EEOC right-to-sue letter and the filing of this action. And, though Plaintiff's Complaint details a concerning and no doubt traumatic sexual assault, the Court cannot use any sympathy for Plaintiff's claim to dispose of the procedural requirements established by Congress under Title VII.[7] Where Plaintiff's pleadings do not raise any issues relevant to equitably tolling the statute of limitations for this employment discrimination suit, the Court finds her federal discrimination claims are time-barred and recommends dismissal pursuant to Rule 12(b)(6).[8]

**IT IS THEREFORE RECOMMENDED** this action be **DISMISSED** under 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

---

[5] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991) (instructing courts to liberally construe a *pro se* litigant's pleadings).
[6] *White*, 805 F. Supp. at 886.
[7] *Baldwin Cnty. Welcome Ctr.*, 466 U.S. at 152.
[8] *Dale*, 2012 WL 1474831, at *3.

**IT IS SO ORDERED.**

Dated this 16th day of July 2025.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
