UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DEBRA ANN CARR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-1040-EFM-GEB |
| | ) |
| SHERWIN WILLIAMS MANUFACTURING, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Debra Ann Carr's Motion to Appoint Counsel (ECF No. 4) and Supplement (ECF No. 7). For the reasons outlined below, Plaintiff's Motion (ECF No. 4) is **DENIED** without prejudice for refiling.

28 U.S.C. § 1915(e)(1) provides discretionary authority for the Court to "request an attorney to represent any person unable to afford counsel."[1] The provision doesn't provide a statutory right to counsel.[2] And there is no constitutional right to counsel in a civil action.[3] The Court, in its' discretion, evaluates several factors when deciding whether to request an attorney for an indigent party.[4] In *Castner v. Colo. Springs Cablevision*,[5] the Tenth Circuit identified four factors which are relevant to the district court's decision whether to appoint

---

[1] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).
[2] *Jackson*, 2014 WL 494789, at *1.
[3] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).
[4] *Jackson*, 2014 WL 494789, at *1.
[5] *Castner*, 979 F.2d at 1422.

1

counsel: (1) a plaintiff's financial inability to pay for counsel; (2) a plaintiff's diligence in attempting to secure counsel; (3) the merits of plaintiff's case; and (4) a plaintiff's capacity to present the case without counsel.

The Court's appointment power must be thoughtfully and prudently used so willing counsel may be located,[6] but consideration of the increase in pro se filings and the limited number of attorneys willing to accept a pro bono appointment is also very important.[7] Regarding the second *Castner* factor, a plaintiff's diligence in attempting to secure counsel, the Court typically requires a party meet and confer with at least five attorneys regarding the case.[8]

After careful consideration, the Court declines to appoint counsel to represent Plaintiff. Plaintiff has satisfied the first prong of the *Castner* analysis. In analyzing Plaintiff's Affidavit of Financial Status and Supplements, the Court finds Plaintiff is unable to afford counsel.[9]

However, Plaintiff fails to satisfy the second, third, and fourth factors at this time. Plaintiff fails to satisfy the second factor where she only lists one attorney contacted. The Court is hopeful with time and diligence in contacting additional attorneys, Plaintiff could secure counsel. The third factor of *Castner* requires the Court find Plaintiff has stated a valid claim. The Court has reviewed the allegations of Plaintiff's Complaint and has recommended her claims be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Therefore,

---

[6] *Castner*, 979 F.2d at 1421.
[7] *Jackson,* 2014 WL 494789, at *3.
[8] *Id.,* at *2.
[9] ECF No. 3-1, *sealed*; ECF Nos. 6-7.

Plaintiff fails the third factor. The fourth factor regards Plaintiff's capacity to prepare and present the case without the aid of counsel, at this time. There is no indication, at least in this early stage of litigation, Plaintiff cannot adequately represent herself. Although not perfectly clear, Plaintiff's filings reflect some understanding of court rules, procedures, and the relevant law applicable to her claims.

The Court recognizes "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[10] as the case moves forward. Postponing a decision to appoint counsel at this early stage allows the Court to gain more information about both the merits of Plaintiff's claims and her ability to present this case to the Court.[11] Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[12]

For the reasons outlined above, **IT IS ORDERED** Plaintiff Debra Ann Carr's Motion for Appointment of Counsel Pursuant to 23 USC § 1915(e)(1) (**ECF No. 4**) is **DENIED** without prejudice as to refiling in the event this case proceeds.

---

[10] *Jones v. Maritz Rsch. Co.*, No. 14-2467-SAC, 2014 WL 6632929, at *3 (D. Kan. Nov. 21, 2014) (citing *Ficken v. Alvarez,* 146 F.3d 978, 981 (D.C.Cir.1998)).
[11] *Id*.
[12] *Zillner v. Brennan*, No. 15-9904-DDC, 2016 WL 81229, at *3 (D. Kan. Jan. 7, 2016) (citing *Ficken*, 146 F.3d at 981 (internal citations omitted)).

**IT IS SO ORDERED.**

Dated this 16th day of July 2025.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge