**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DEBRA ANN CARR,<br><br>*Plaintiff,*<br><br>v.<br><br>SHERWIN WILLIAMS MANUFACTURING,<br><br>*Defendant.* | Case No. 6:25-cv-1040-EFM-GEB |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Sherwin Williams Manufacturing's Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion for More Definite Statement (Doc. 30). For the reasons stated below, the Court grants Defendant's request for a more definite statement and denies its Motion to Dismiss for Failure to State a Claim without prejudice.

## I. Factual and Procedural Background[1]

On March 5, 2025, pro se Plaintiff Debra Ann Carr filed a handwritten Complaint against Sherwin Williams Manufacturing, alleging a variety of claims, including sexual assault, rape, and retaliation. Specifically, Plaintiff alleges retaliation for reporting a sexual assault to the "head" of "HR." Plaintiff claims that "[t]hey tried to keep my mouth sealed and bound by putting me in a [psych] ward for trying to tell." Plaintiff's Complaint also vaguely refers to "trademark/divorce" and "disabilities." Plaintiff's requested relief is "freedom from enslavement." On July 16, 2025,

[1] The facts are taken from Plaintiff's Complaint and are considered true for purposes of this Order.

the Court granted Plaintiff's request to proceed in forma pauperis.

On July 27, 2026, Defendant filed the instant Motion. Defendant argues that the Complaint purports to assert claims for sexual assault, rape, disability discrimination, race/color discrimination, and retaliation but that Plaintiff has made no factual allegations to support her claims. Defendant protests that it can only speculate as to the basis for Plaintiff's causes of action. Defendant asks the Court to dismiss Plaintiff's Complaint, or in the alternative, require Plaintiff to provide a more definite statement.

In response, Plaintiff provides a one-page handwritten opposition stating that "all parties should be prosecuted" who were "involved" and asks that the case be sent "to a higher court." Defendant replies that, because Plaintiff did not address its arguments, she has conceded that her Complaint should be dismissed.

After Defendant filed its Motion, Plaintiff submitted a Notice of Harassment Complaint Follow Up, which is a five-page handwritten document describing various events, including a visit with her family physician concerning possible exposure to harmful chemicals during her employment with Defendant and reiterating her allegations of harassment.

## II. Legal Standard

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "A motion for a more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission."[2] "Requiring a more definite statement is appropriate when addressing unintelligible

[2] *Creamer v. Ellis Cnty. Sheriff Dep't*, 2009 WL 484491, at *1 (D. Kan. Feb. 26, 2009) (citation omitted).

or confusing pleadings."[3]

The courts consider motions under Rule 12(e) in conjunction with the "simplified pleading standard" of Fed. R. Civ. P. 8(a), which "applies to all civil actions, with limited exceptions."[4] In general, Rule 8(a)(1) requires "a short and plain statement of the grounds for the court's jurisdiction." Rule 8(a)(2), on the other hand, requires that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to provide opposing parties "fair notice of what the . . . claim is and the grounds upon which it rests . . . ."[5]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[6] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[7]

Because Plaintiff proceeds pro se, the Court construes her filings liberally.[8] Indeed, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ."[9] A pro se complaint "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of h[er] claim which would entitle [her] to relief."[10]

---

[3] *Suede Grp., Inc. v. S Grp., LLC*, 2013 WL 183752, at *1 (D. Kan. Jan. 17, 2013).

[4] *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513–14 (2002).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

[7] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation omitted).

[8] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[9] *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[10] *Estelle*, 429 U.S. at 106 (quotation omitted).

## III. Analysis

Plaintiff's Complaint is difficult to follow. While Plaintiff broadly alleges a constellation of different claims, she presents the claims in an unintelligible manner. Defendant argues that it "can only speculate as to the bases of the purported causes of action Plaintiff asserts" and that "her allegations are so vague, incoherent, and unintelligible that Sherwin-Williams cannot, as required by Fed. R. Civ. P. 8(b), adequately respond to them." The Court agrees that more specificity is required. The Court disagrees; however, that dismissal is appropriate at this juncture, and it also disagrees with Defendant's contention that Plaintiff has conceded that her claims should be dismissed through her Response.

### A. Plaintiff Has Not Conceded the Motion.

As a threshold matter, the Court finds that Plaintiff has not conceded that her claims should be dismissed by failing to address each of Defendant's arguments. Plaintiff filed a response, and although it does not engage Defendant's arguments, it opposes dismissal. The Court construes Plaintiff's arguments liberally.[11] And read liberally, Plaintiff's handwritten response provides a broad opposition to Defendant's Motion. Indeed, Plaintiff maintains that "all parties" that were involved "with covering real life experiences" that "affected [Plaintiff's] abilities" "should be prosecuted . . . ."

In any event, even where a plaintiff fails to respond to an argument in a motion to dismiss or files no response at all, a district court still may not dismiss a complaint for that reason.[12]

---

[11] *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (construing the pro se litigant's "arguments liberally").

[12] *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) ("[A] district court may not grant a motion to dismiss for failure to state a claim merely because [a party] failed to file a response. This is consistent with the purpose of Rule 12(b)(6) motions as the purpose of such motions is to test the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." (quotations omitted)); *Wagner v. CHER, LLC*, 2018 WL 6046432, at *5 n.6 (D. Colo. Nov. 19, 2018) ("The Court disagrees, however, that a plaintiff's failure to respond to an argument in a motion to dismiss necessarily requires the Court to interpret that failure as a concession and grant the motion. To the contrary, the Tenth Circuit has instructed that 'even if a plaintiff does not file a response to a motion

Accordingly, the Court declines Defendant's request to dismiss Plaintiff's claims based on the sufficiency of Plaintiff's Response.

**B. A More Definite Statement Is Warranted.**

Defendant's Motion points out the defects in Plaintiff's Complaint and the details it seeks, as Rule 12(e) requires. The Court agrees that the Complaint is drafted such that Defendant cannot reasonably prepare a response. The Complaint refers to sexual assault, rape, retaliation, placement in a psych ward, a union, trademark, and a divorce, but it attributes conduct to "they" without identifying who "they" are or what Defendant itself did. Plaintiff offers scant detail on her retaliation claim, alleging that she was silenced after reporting a sexual assault to HR, but her claims of sexual assault, rape, and disability discrimination fall short of Rule 8(a)(2)'s "short and plain" standard and lack the specificity required for Defendant to respond.

Similarly, Plaintiff's Charge of Discrimination, attached to her Complaint, states that she is a "dark skin toned, Native American female," that she has "a disability," and that she was employed by Defendant from "March 26, 2023, to June 19, 2023." But Plaintiff offers no facts describing what Defendant did to discriminate against her. Indeed, Defendant is left to speculate on the scope and bases of Plaintiff's claims, arranging its arguments for dismissal based on assumptions about whether Plaintiff brings common law tort claims, Title VII retaliation claims, or ADA disability claims. Plaintiff's Response, while opposing dismissal, does not provide any clarity on her claims and just broadly calls for all parties to be prosecuted. Moreover, Plaintiff's "Notice of Harassment Complaint Follow Up" appears to raise additional allegations against

---

to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.'" (quoting *Issa*, 354 F.3d at 1178)).

Defendant as opposed to providing further clarity on the claims in Plaintiff's Complaint.[13] Thus, this is not a case in which a pleading merely lacks detail that discovery can clarify.[14] Plaintiff's sweeping allegations and sparse factual support are too vague to permit Defendant to reasonably respond.

Accordingly, the Court requires Plaintiff to submit an amended complaint. Plaintiff should explain:

(1) what Defendant did to her;

(2) when it happened;

(3) how it harmed her;

(4) what law she believes Defendant violated; and

(5) what she is asking the Court to do. Plaintiff should state the specific relief she seeks, such as money damages or another specific remedy.

Plaintiff does not need to cite cases or make legal arguments, but Plaintiff must include every claim and fact she wants the Court to consider. Plaintiff must provide an amended complaint within twenty-one days of this Order.

**C. The Court Does Not Reach the Motion to Dismiss.**

Defendant asks the Court to dismiss Plaintiff's Complaint, but "a *pro se* litigant bringing suit *in forma pauperis* is entitled to notice and an opportunity to amend the complaint to overcome

---

[13] The Court does not consider Plaintiff's Notice a pleading, and Plaintiff "may not rely on the allegations in [a] brief to supplement [her] complaint." *Issa*, 354 F.3d at 1179. If Plaintiff wishes to pursue any claim based on the matters described in the Notice, she must include that claim, and the facts supporting it, in her amended complaint.

[14] *Compare Bruton v. Cent. States Transp., Inc.*, 2011 WL 673765, at *2–3 (D. Kan. Feb. 17, 2011) (denying Rule 12(e) relief where, although the complaint lacked "specific dates" or "identification" of the negligent training at issue, it alleged the services each defendant provided and that their negligent performance caused the decedent's death), *with Taylor v. Target Distribution*, 2022 WL 444109, at *5 (D. Kan. Feb. 14, 2022) (granting alternative motion for a more definite statement on plaintiff's disability claims where his summary of facts underlying his claim was "vague and confusing").

any deficiency unless it is clear that no amendment can cure the defect."[15] Here, the Court will allow Plaintiff to file an amended complaint to cure the defects in her original Complaint. "[I]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect."[16] That rule "establishes to which complaint opposing parties should direct any subsequent motion."[17] Because Plaintiff will file an amended complaint, the Court does not reach the sufficiency of the claims in Plaintiff's original Complaint. Thus, the Court denies Defendant's motion to dismiss without prejudice to Defendant's right to renew its arguments as to the amended complaint.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion for More Definite Statement (Doc. 30) is **GRANTED IN PART** and **DENIED IN PART**. Defendant's request for a more definite statement is **GRANTED**. Plaintiff must file an amended complaint consistent with this Order within twenty-one days of this Order.

**IT IS FURTHER ORDERED THAT** Defendant's Motion to Dismiss is **DENIED** without prejudice to renewal as to the amended complaint.

**IT IS SO ORDERED**.

Dated this 12th day of November, 2026.

Eric F. Melgren

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[15] *Taylor*, 2022 WL 444109, at *5 (quoting *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)).

[16] *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (quotation omitted).

[17] *Id.*